Brady LAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00845–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1991.

Buddy Stevens, Angleton, for appellant.

James L. Turner, Asst. Brazoria County Dist. Atty., for appellee.

Before SAM BASS, DUNN and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

A jury found appellant, Brady Law, guilty of the third degree felony of hindering a secured creditor, pursuant to the version of TEX.PENAL CODE ANN. § 32.33(f) [1] that was in effect in 1984. The trial court assessed punishment at 10 years confinement, probated, and $16,000 in restitution. We reverse and acquit.

Appellant is a bookkeeper and had been employed by Crescent Business Service, Inc. in Alvin, Texas for 36 years. Appellant provided accounting and tax services to various businesses.

In September 1983, appellant borrowed $10,000 from Tim Burr, and appellant, individually, executed a promissory note and a

[1.] Act of May 17, 1979, 66th Leg., R.S., ch. 232, § 1, 1979 Tex.Gen.Laws 501, 501–502, *amended by* Act of June 15, 1985, 69th Leg., R.S., ch. 914, § 5, 1985 Tex.Gen.Laws 3081, 3082.

deed of trust covering four lots in Oak Bend Estates. The note was due and payable in May 1984.

Approximately seven years earlier, appellant had conveyed title to the same four lots in Oak Bend Estates to Crescent Business Service, Inc.; at that time, appellant owned 80 to 85 percent of the stock of the corporation. In December 1984, appellant's sister, Besse Robertson, bought all of appellant's stock in the corporation. Mrs. Robertson had been a shareholder and active in the corporation since its inception, along with others.

Appellant's attorney, Charles Bailey, deceased at the time of this action, drafted the promissory note and deed of trust. The property descriptions appellant supplied Mr. Bailey included descriptions of five lots in Oak Bend Estates. Appellant testified that he intended for lots N, 4H, 8E and *Park* to be in the deed of trust. The deed of trust, however, contained descriptions of lots N, 4H, 8E and *32.* Appellant testified that he inspected the note to see that the amounts were correct, but signed the deed of trust without inspecting it. The deed of trust named appellant, not the corporation, as grantor. Appellant stated that he delivered the original documents to Mr. Burr in October 1983. Nothing was filed in the real property records until 1985.

In May 1984, a real estate agent contacted appellant with an offer to buy lot 32 for $10,000. Appellant was having financial difficulties at the time, so he sold the property in June 1984, and paid some of his creditors with the proceeds of the sale. He did not pay Mr. Burr anything on the now overdue debt. Appellant testified that it was in the process of this sale that he realized what he had forgotten—that title to all five Oak Bend Estates lots had been transferred to Crescent Business Service, Inc. years earlier. Appellant then reviewed the deed of trust in favor of Mr. Burr, and discovered lot 32 was listed instead of lot Park.

Appellant contacted Mr. Burr and offered to make a partial payment, plus execute a new note and deed of trust listing four lots, including lot Park rather than lot 32. Appellant testified he had gotten the board of directors of Crescent Business Service, Inc. to agree to the corporation signing a new deed of trust covering the lots. However, no new agreement was reached with Mr. Burr. Appellant did not pay Mr. Burr anything, and Mr. Burr took preliminary steps toward foreclosure, starting in June 1985. Appellant filed bankruptcy proceedings in October 1986.

The indictment against appellant charged that he

did then and there intentionally transfer and dispose of secured property, real property located in Brazoria County, Texas, to-wit: Lot 32 of Oak Bend Estates, Francis Moore League, without the effective consent of Timothy Burr, the secured party, and with intent to appropriate the interest of the said Timothy Burr, and the balance remaining on the secured indebtedness was at least Ten Thousand and No/100 ($10,000.00) Dollars.

Appellant brings four points of error. Two challenge the sufficiency of the evidence, one challenges the construction of the statute as applied to appellant, and one challenges the denial of a requested jury charge.

In point of error one, appellant asserts that the evidence is insufficient to prove appellant guilty of the offense of hindering a secured creditor.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

The legislature made it an offense to transfer secured property without the ef-

fective consent of the secured party and with the intent to appropriate the secured party's interest in the property. The version of TEX.PENAL CODE ANN. § 32.33 in effect in 1984, when the property was transferred, in pertinent part provided:

(f) A person commits an offense if he transfers or otherwise disposes of secured property without the effective consent of the secured party and with the intent to appropriate (as defined in Chapter 31 of this code) the interest of the secured party. An offense under this subsection is:

(1) a Class A misdemeanor if the unpaid balance remaining on the secured indebtedness is less than $10,000;

(2) a felony of the third degree if the unpaid balance remaining on the secured indebtedness is $10,000 or more.

Section 31.01(5) of the Texas Penal Code defines "appropriate" as meaning "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another...." TEX.PENAL CODE ANN. § 31.01(5) (Vernon 1989).

Section 32.01 of the Texas Penal Code defines "property," for the purposes of chapter 32, as "real property; tangible or intangible personal property including anything severed from the land; or a document, including money, that represents or embodies anything of value." TEX.PENAL CODE ANN. § 32.01 (Vernon 1989).

 In the present case, the undisputed evidence showed that when appellant, individually, signed the deed of trust securing the note to Mr. Burr, appellant did not have title to the four lots described in the deed of trust. Rather, the four lots were owned by Crescent Business Service, Inc., a Texas corporation. Appellant was not the sole shareholder or sole director of the corporation; there is no evidence that the corporation was appellant's alter ego, rather than a separate legal entity.

Further, it is undisputed that the corporation never conveyed title to the lots back to appellant, and that no other deed of trust securing the indebtedness to Mr. Burr was ever executed.

Since appellant did not own the lots at the time he signed the deed of trust, or thereafter, he conveyed nothing by executing the deed of trust individually. It is axiomatic that a grantor cannot convey to a grantee a greater or better title than he holds. *Day & Co., Inc. v. Texland Petroleum, Inc.,* 718 S.W.2d 384, 390 (Tex.App.—Amarillo 1986), *aff'd,* 786 S.W.2d 667 (Tex. 1990). Therefore, Mr. Burr did not obtain a lien or other security interest on any of the four lots, including lot 32. Mr. Burr was not a secured party when appellant conveyed lot 32 to a third party without Mr. Burr's consent. An essential element of the crime, that Timothy Burr was, at the time of the transfer, a secured party with a lien on lot 32, was not proven.

Accordingly, we hold the evidence is insufficient to support appellant's conviction for the offense of hindering a secured creditor. We sustain appellant's point of error one. It being unnecessary to consider appellant's remaining three points of error, we decline to do so.

We reverse the judgment and order an acquittal.